IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RENE STERMOLE,

                                          ORDER

                Plaintiff,

                                  10-cv-372-slc[1]

    v.

DR. ANN HEASLETT,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Rene Stermole, a patient at the Mendota Mental Health Institute in Madison, Wisconsin, has filed a proposed complaint, a motion for a temporary restraining order and a petition and affidavit to proceed without prepayment of fees and costs.

This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform Act. Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the full six-month period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of the plaintiff's average

---

[1] I am assuming jurisdiction over this case for the purpose of issuing this order.

1

monthly income and 20% of the plaintiff's average monthly balance.  Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee.  He will qualify for indigent status with respect to the remainder of the fee.  (The in forma pauperis statute, 28 U.S.C. § 1915, does not permit a court to waive all of a plaintiff's obligation to pay filing fees.  All it does is allow a court to grant qualifying individuals leave to proceed without prepaying some or all of the filing fee.)

Plaintiff has not provided a resident account statement in support of his request to proceed in forma pauperis.  He will have to do so if he intends to pursue his request. Because plaintiff's complaint is dated June 30, 2010, his resident account statement should cover the period beginning approximately December 28, 2009 and ending approximately June 28, 2010.

Usually, this court would not consider plaintiff's complaint and motion for a temporary restraining order until he submits his resident account statement and pays an initial partial payment of the filing fee.  However, this is not the ordinary case; plaintiff seeks a temporary restraining order against defendant Dr. Ann Heaslett, enjoining her from treating him with psychotropic medications similar to ones that have previously caused him to experience severe cardiovascular symptoms such as shortness of breath, chest pressure, physical weakness and "labored heartbeats."  Because plaintiff alleges that he faces serious impending danger to his health, I will not wait until the initial partial payment is made

2

before considering his complaint and motion for a temporary restraining order.  Cf. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (calling the imminent danger requirement of § 1915(g) only "a simple statutory provision governing when a prisoner must pay the filing fee for his claim"; Norwood v. Strahota, 08-cv-446 (W.D. Wis. Aug. 11, 2008) (allowing case to proceed before payment of initial partial payment because plaintiff alleged imminent danger of serious physical harm).

Unfortunately for plaintiff, his filings are flawed and I cannot entertain his motion for a temporary restraining order.  Plaintiff attaches to his complaint a document titled "Excerpts from Emergency and Preliminary Complaint to the U.S. Federal Court."  In this filing, plaintiff explains that in 2008, while he was a patient at the Winnebago Mental Health Institute, he was administered a psychotropic-class medication named Risperdal, which caused him severe cardiovascular symptoms.  The symptoms subsided after plaintiff was given nitroglycerin on the ambulance transporting him to the emergency room.  In May 2010, defendant Heaslett informed plaintiff of her intent to seek authorization in June to treat plaintiff with psychotropic medications that are known to have similar side effects.  This treatment would start in July 2010.  Plaintiff seeks a temporary restraining order enjoining Heaslett from treating him with these medications because of the risk of severe cardiovascular symptoms.

I conclude that plaintiff's allegations do not satisfy the stringent requirements of Fed.

3

R. Civ. P. 65(b), which governs temporary restraining orders.  Rule 65(b) authorizes a court

to issue a temporary restraining order without notice to the adverse parties only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

These rigorous requirements "reflect the fact that our entire jurisprudence runs counter to

the notion of court action taken before reasonable notice and an opportunity to be heard has

been granted to both sides of a dispute."  Granny Good Foods, Inc. v. Brotherhood of

Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 438-39

(1974).  Plaintiff's allegations do not make it clear that he will actually be treated with these

medications starting in July 2010; he alleges only that defendant Heaslett stated in May

2010 that she *intended* to seek authorization in June to treat him in July.  Plaintiff does not

explain whether Heaslett actually did receive authorization to do so and when that treatment

is scheduled to start.  He has not described any attempts he has made to give notice to

Heaslett in an effort to avoid having the court consider his motion ex parte.  Therefore, I will

deny plaintiff's motion for a temporary restraining order.  Plaintiff is free to renew this

motion if he has left out important information showing that his need for a temporary

restraining order is urgent, but he must keep in mind the requirements of Rule 65(b).  I will

enclose with this order a copy of this court's procedure to be followed on motions for injunctive relief to guide plaintiff in refiling his motion.

In addition, plaintiff's complaint does not appear ready for screening.  Plaintiff has filled out a complaint form naming Heaslett as the sole defendant but then includes almost no allegations on the form.  Instead, he states "Please See Attached Document Entitled: "Excerpts for Emergency and Preliminary Complaint to the U.S. Federal Court."  From the face of this document, it seems that plaintiff intends to file a full complaint against Heaslett and other defendants at some later time and has listed the allegations set out above in an effort to obtain a quick ruling on his motion for a temporary restraining order.  This is not the proper way to proceed in a civil lawsuit.  Because it seems that plaintiff intends to file a more complete complaint, I will give him until July 30, 2010 to do so or explain that he wishes to proceed solely on the claims set out in his current pleadings, at which point I will take those documents under advisement for screening.  If plaintiff fails to respond, I will screen his current complaint.  However, I note that because plaintiff names only Heaslett as a defendant, she is the sole person against whom he may be allowed to proceed unless he submits a new complaint naming additional defendants in the caption and explains what each defendant did to violate his rights.

ORDER

IT IS ORDERED tha:

1.  Plaintiff Rene Stermole may have until July 30, 2010, in which to submit a certified copy of his resident account statement beginning December 28, 2009 and ending June 28, 2010.

2.  Plaintiff's motion for a temporary restraining order, dkt. #2, is DENIED.

3.  Plaintiff will have until July 30, 2010 to submit his complete complaint for this action or inform the court that he wishes to proceed solely on the claims set out in his current pleadings.  If plaintiff fails to respond, his current complaint will be taken under advisement for screening.

Entered this 12th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6